UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) Case No. 13 C 1534 |
| v. | ) Judge Virginia M. Kendall |
| ECOMMERCE MERCHANTS, LLC, a Florida limited liability company, also d/b/a Superior Affiliate Management, | ) Magistrate Judge Young B. Kim |
| CRESTA PILLSBURY, individually, and as an officer and managing member of ECOMMERCE MERCHANTS, LLC, | ) |
| JAN-PAUL DIAZ, individually, and as an officer and managing member of ECOMMERCE MERCHANTS, LLC, | ) |
| JOSHUA BREWER, individually, and as an officer and manager of ECOMMERCE MERCHANTS, LLC, and | ) |
| DANIEL STANITSKI, individually, and as an officer and manager of ECOMMERCE MERCHANTS, LLC, | ) |
| Defendants. | ) |

### [PROPOSED] TEMPORARY RESTRAINING ORDER WITH OTHER EQUITABLE RELIEF AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), having filed its Complaint for Permanent Injunction and Other Equitable Relief in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and having moved for a Temporary Restraining Order with Other Equitable Relief, and an Order to Show

Page 1 of 18

Cause Why a Preliminary Injunction Should Not Issue pursuant to Rule 65 of the Federal Rules of Civil Procedure, and the Court having considered the Complaint, declarations, exhibits, and memorandum of law filed in support of such motion, and now being advised in the premises, finds that:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction over the parties.

2. Venue lies properly with this Court.

3. There is good cause to believe that Defendants Ecommerce Merchants, LLC, Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski ("Defendants") have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and that the Commission is therefore likely to prevail on the merits of this action.

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, assignment, or other disposition or concealment by Defendants of their assets or records unless Defendants are immediately restrained and enjoined by order of this Court. Therefore, there is good cause for the entry of the ancillary relief contained in this Order, including an order preserving Defendants' assets and prohibiting the Defendants from destroying records.

5. Weighing the equities and considering the Commission's likelihood of ultimate success, this Temporary Restraining Order is in the public interest.

6.     No security is required of any agency of the United States for the issuance of a temporary restraining order. *See* Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order ("Order"), the following definitions shall apply:

1.     **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Assisting others"** includes, but is not limited to: (a) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (b) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (c) providing names of, or assisting in the generation of, potential customers, including, but not limited to, the sending of text messages or email messages; (d) verifying, processing, fulfilling, or arranging for the fulfillment of orders; (e) performing or providing marketing, billing, or collection services of any kind, including, but not limited to, creating, hosting, or maintaining websites, or recruiting affiliates; or (f) acting as an officer or director of a business entity.

3.     **"Individual Defendants"** means Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski, and by whatever other names each may be known.

Page 3 of 18

4. **"Corporate Defendant"** means Ecommerce Merchants, LLC, also doing business as Superior Affiliate Management, and its successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by this entity.

5. **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

6. **"Document" or "Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate Document within the meaning of the term.

7. **"Electronic data host"** means any person or entity that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

8. **"Internet service provider"** means a company that provides third parties with access to the Internet.

9. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

10. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

12. **"Unauthorized or Unsolicited Commercial Electronic Text Message"** means an unauthorized or unsolicited text message the primary purpose of which is a commercial

advertisement or promotion of a commercial product or service (including the content on an Internet website operated for commercial purposes).

## I.

## PROHIBITED BUSINESS ACTIVITIES
## RELATING TO ANY PRODUCT, SERVICE, OR PROGRAM

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby temporarily restrained and enjoined from:

    A.    Misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to, that consumers have won a contest or have been specifically selected to receive a gift or prize that is "free" or without cost or obligation;

    B.    Failing to disclose or disclose adequately to consumers the material terms and conditions of any offer, including, but not limited to:

        1.    that consumers must pay money or other consideration to receive the gift or prize; and

        2.    the costs and obligations to receive the gift or prize.

## II.

## PROHIBITION ON MAKING UNAUTHORIZED OR UNSOLICITED COMMERCIAL ELECTRONIC TEXT MESSAGES

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product, service, or program, are hereby temporarily restrained and enjoined from making or initiating, or procuring the transmission of, or assisting others in making or initiating, or procuring the transmission of, unauthorized or unsolicited commercial electronic text messages to mobile telephones and other wireless devices.

## III.

## ASSET PRESERVATION

**IT IS FURTHER ORDERED** that:

A. Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from directly or indirectly selling, transferring, alienating, liquidating, encumbering, pledging, loaning, assigning, concealing, dissipating, converting, withdrawing or making any other disposition of any assets or any interest therein, wherever located, including any assets outside the territorial United States, that are owned, controlled or held by, or for the

benefit of, in whole or in part, Defendants, or in the actual or constructive possession of Defendants, other than those assets that are used for actual, ordinary, and necessary business or living expenses that Defendants reasonably incur.

B.   The assets affected by this Section shall include both existing assets and assets acquired after the effective date of this Order.

C.   Notwithstanding Section III.A above, each Defendant may withdraw, transfer, encumber, or otherwise dissipate assets in excess of two thousand dollars ($2,000) per calendar month only with prior written agreement by counsel for the Commission, or prior approval by the Court.

D.   To the extent that Defendants withdraw, transfer, encumber, or otherwise dissipate assets pursuant to Section III.A of this Order, they shall provide an accounting of their expenses to counsel for the Commission for each calendar month.

## IV.

## FINANCIAL REPORTS AND ACCOUNTING

**IT IS FURTHER ORDERED** that at least three (3) calendar days prior to the preliminary injunction hearing in this matter, and in no event later than ten (10) calendar days after entry of this Order, Defendants shall each provide to counsel for the Commission:

A.   A completed financial statement accurate as of the date of entry of this Order, in the form provided as **Attachment A** for individuals and **Attachment B** for businesses, as the case may be, signed under penalty of perjury. The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Defendants shall attach to these completed financial

statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements; and

    B.    A detailed accounting, verified under oath, of:

        1.    the names of all products, services or programs advertised, marketed, promoted, offered for sale, sold, or distributed since January 1, 2011;

        2.    gross revenues and net profits (in U.S. Dollars) obtained from the advertising, marketing, promotion, offering for sale, or sale of each product, service, or program identified in Subsection IV.B.1 above, from inception of the advertising, marketing, promotion, offering for sale, or sale of that product, service, or program through the date of entry of this Order; and

        3.    the name, address, telephone number, e-mail address, website address, and contact person of each entity or person that: (i) supplied, manufactured, formulated, or created any product, service, or program that is advertised, marketed, promoted, offered for sale, sold, or distributed by or on behalf of Defendants, (ii) provided any order fulfillment services of any kind, including, but not limited to, drop shipping, mailing, and/or distributing products, for or on behalf of Defendants, or (iii) paid Defendants, whether directly or indirectly, related to Defendants' advertisement, marketing, promotion, offering for sale, or sale of any product, service, or program.

## V.

### POSTING NOTICE OF LAWSUIT ON AND PRESERVING WEBSITES

**IT IS FURTHER ORDERED** that, immediately upon service of the Order upon them, Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by

personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and any other person or entity served with a copy of this Order, shall:

A. Immediately take whatever action is necessary to ensure that any website used by any Defendant for the advertising, marketing, promotion, offering for sale, or sale of any product, service or program shall prominently display the following statement:

> The Federal Trade Commission ("FTC") has filed a lawsuit against Ecommerce Merchants, LLC, also doing business as Superior Affiliate Management, Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski, alleging that they have engaged in deceptive and unfair practices relating to the advertising, marketing, promotion, offering for sale, or sale of products, services or programs, including purportedly "free" merchandise such as $1000 gift cards. The United States District Court for the Northern District of Illinois has issued a temporary restraining order prohibiting the alleged practices. You may obtain additional information directly from the FTC at www.ftc.gov.

Each website carrying this message shall also provide a hypertext link to the FTC's home page at www.ftc.gov, or another website designated by counsel for the Commission;

B. Prevent the destruction or erasure of any website used by Defendants for the advertising, marketing, promotion, offering for sale, sale, or provision of any product, service, or program by preserving such websites in the format in which they are maintained currently, except for the notice required by Subsection A of this Section; and

C. Immediately notify counsel for the Commission of all websites operated or controlled by Defendants.

## VI.

## PRESERVATION OF RECORDS
## AND EQUIPMENT; REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

A. Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipts ledgers, cash disbursements ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, and the disbursements, transactions, dispositions, and uses of Defendants' assets;

B. Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically-stored materials and any data on mobile devices or other equipment used in sending commercial electronic text messages, that relate in any way to: the business practices or business or personal finances of Defendants; the business practices or finances of entities directly or indirectly under the control of Defendants; or the business practices or finances of entities directly or indirectly under common control with any other Defendant;

C. Selling, transferring, destroying, damaging, altering, concealing, or otherwise disposing of, in any manner, directly or indirectly, any equipment used in sending commercial electronic text messages; and

D.  Creating, operating, or exercising any control over any business entity, whether newly-formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## VII.

### IDENTIFICATION OF ELECTRONIC DATA HOSTS, TELEPHONE NUMBERS AND INTERNET SERVICE PROVIDERS

**IT IS FURTHER ORDERED** that Defendants shall:

A.  Provide counsel for the Commission, within five (5) business days of receipt of a copy of this Order, with a sworn statement disclosing the name and location of any electronic data host, and the location of computer equipment, related to Defendants' initiation, procurement, or transmission of commercial electronic text messages, and describing, to the extent known, the make(s) and model(s) of the computer equipment, as well as the operating system(s) in use, and the number, size, and capacity of any mass storage arrays or devices;

B.  Serve this Order on any such electronic data host, and inform any such electronic data host that:

  1.  Any data that they host, store or otherwise maintain that is related to Defendants' initiation, procurement, or transmission of commercial electronic text messages is the subject of litigation involving the Commission; and

2. The electronic data host has a duty to preserve all records related to Defendants' initiation, procurement, or transmission of commercial electronic text messages;

C. Provide counsel for the Commission, within five (5) business days of receipt of a copy of this Order, with a sworn statement disclosing the identity of any Internet service provider and attaching the account records for each Defendant identifying the IP addresses and hosts accessing any of Defendants' accounts for the last three years; and

D. Provide counsel for the Commission, within five (5) business days of receipt of a copy of this Order, with a sworn statement identifying, by telephone number, telephone service provider, and dates of service, each telephone number used by Defendants or their officers, agents, servants, employees, affiliates, or any other persons in active concert or participation with any of them, to send commercial electronic text messages to any consumer since January 1, 2011.

## VIII.

### PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby temporarily restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information

of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint; and

B.  Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in Plaintiffs' Complaint.

Provided, however, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## IX.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the parties are granted leave, at any time after entry of this Order to:

A.  Take the deposition of any person, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; the Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action; and

B. Demand the production of Documents from any person, whether or not a party, relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates and subsidiaries; the nature and location of documents reflecting the business transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where Defendants, directly or through any third party, conduct business operations; Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days notice shall be deemed sufficient for the production of any such documents, and twenty-four (24) hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Northern District of Illinois, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XI of this Order.

## X.

### DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, independent contractors, and any other persons in active concert or participation with them. Within ten (10) calendar days from the date of entry of this Order, each Defendant shall serve on the Commission an affidavit identifying the name, title, address, telephone number, date of service, and manner of service of each person or entity Defendants served with a copy of this Order in compliance with this provision.

## XI.

### SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, electronic mail, personal or overnight delivery, or by U.S. Mail, by agents and employees of the Commission, by any law enforcement agency, or by private process server, upon any person that may have possession or control of any document of Defendants, or that may be subject to any provision of this Order.

## XII.

### CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to the Commission.

## XIII.

## DURATION OF THE TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on _MARCH 18_, 2013, at _5_ p.m. (Central Time), unless, within such time, for good cause shown, the Order is extended, or unless, as to any Defendant, the Defendant consents that it should be extended for a longer period of time.

## XIV.

## ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED**, pursuant to Federal Rule of Civil Procedure 65(b), that Defendants shall appear before this Court, (on the _23rd_ floor of the Dirksen Federal Courthouse, 219 S. Dearborn Street, Chicago, Illinois,) on the _18_ day of _MARCH_, 2013, at _10_ o'clock _A_.m., to show cause, if there is any, why this Court should not enter a preliminary injunction, pending final ruling on the Complaint against Defendants, enjoining them from further violations of Sections 5(a) of the FTC Act, 15 U.S.C. § 45(a), and imposing such additional relief as may be appropriate.

## XV.

## SERVICE OF PLEADINGS, MEMORANDA, AND OTHER EVIDENCE

**IT IS FURTHER ORDERED** that Defendants shall file with the Court and serve on Plaintiffs' counsel any answering affidavits, pleadings, motions, expert reports or declarations, and/or legal memoranda no later than four (4) business days prior to the hearing on Plaintiffs' request for a preliminary injunction.

Plaintiffs may file responsive or supplemental pleadings, materials, affidavits, or memoranda with the Court and serve the same on counsel for Defendants no later than one (1)

/
Case: 1:13-cv-01534 Document #: 15 Filed: 03/07/13 Page 17 of 18 PageID #:604

day prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Central Time) on the appropriate dates listed in this Section.

## XVI.

### MOTION FOR LIVE TESTIMONY; WITNESS IDENTIFICATION

**IT IS FURTHER ORDERED** that the question of whether this Court should enter a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining the Defendants during the pendency of this action shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court or on motion filed with the Court and served on counsel for the other parties at least four (4) business days prior to the preliminary injunction hearing in this matter. Such motion shall set forth the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court. Any papers opposing a timely motion to present live testimony or to present live testimony in response to another party's timely motion to present live testimony shall be filed with this Court and served on the other parties at least two (2) business days prior to the preliminary injunction hearing in this matter, provided that service shall be performed by personal or overnight delivery, by electronic filing, by electronic mail, or by facsimile, and documents shall be delivered so that they shall be received by the other parties no later than 4:00 p.m. (Central Time) on the appropriate dates provided in this Section. Provided further, however, that an evidentiary hearing on Plaintiffs' request for a preliminary injunction is not

necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue.

## XVII.

## CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that, for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> Guy G. Ward
> Staff Attorney
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Telephone]
> (312) 960-5600 [Facsimile]

## XVIII.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, this 7th day of March, 2013, at 9 55 a.m.

_____
United States District Judge