

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | )<br>) |
| Plaintiff, | ) Case No. 13-cv-1534 |
| v. | ) Judge Virginia M. Kendall |
| ECOMMERCE MERCHANTS, LLC, *et al.*, | ) Magistrate Judge Young B. Kim |
| Defendants. | ) |

### DEFAULT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST ECOMMERCE MERCHANTS, LLC

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The FTC now having filed its Motion for Entry of Default Judgment and Order for Permanent Injunction and Other Equitable Relief Against Defendant Ecommerce Merchants, LLC ("Motion"), and the Court having considered the FTC's Motion, and supporting exhibits, and the entire record in this matter, the FTC's Motion is hereby granted, and **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1. This Court has jurisdiction over the subject matter of this case and personal jurisdiction over the parties hereto.

2. The FTC's Complaint states claims upon which relief may be granted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a), 45(n) and 53(b).

3. Venue in the United States District Court for the Northern District of Illinois is proper pursuant to 15 U.S.C. § 53(b) and 28 U.S.C. § 1391 (b) and (c).

4. The activities of Defendants are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Defendant Ecommerce Merchants, LLC ("Corporate Defendant") was properly served with the Summons and Complaint in this matter, but failed to file any responsive pleading as required by Fed. R. Civ. P. 12(a). The Clerk entered Corporate Defendant's default by Order dated October 28, 2013.

6. The factual allegations in the FTC's Complaint are taken as true against Corporate Defendant. Based on these facts, the Court finds that Corporate Defendant, in numerous instances:

    a. represented that consumers have won a contest or have been specifically selected to receive a gift or prize that is without cost or obligation, while failing to disclose or disclose adequately to consumers the material terms and conditions of the offer, including that consumers must pay money or other consideration to receive the gift or prize, and the costs and obligations to receive the gift or prize, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); and

    b. initiated or procured the transmission of unauthorized or unsolicited commercial electronic text messages to the mobile telephones and other wireless devices of consumers in the United States, which caused or is likely to cause substantial injury to consumers that consumers cannot reasonably avoid themselves and that is not outweighed by

countervailing benefits to consumers or competition, in violation of Section 5 of the FTC Act, 15 U.S.C. §§ 45(a) and 45(n).

7. It is proper in this case to enter a permanent injunction to prevent a recurrence of Corporate Defendant's violations of the FTC Act, 15 U.S.C. § 45, and to enter equitable monetary relief against Corporate Defendant.

8. The Court finds that the appropriate amount of equitable monetary relief to enter against Corporate Defendant is $356,930.

9. This Default Judgment and Order for Permanent Injunction and Other Equitable Relief Against Ecommerce Merchants, LLC ("Order") is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

10. Entry of this Order is in the public interest.

## **DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1. **"Affiliate"** means any person, including third-party marketers, who participates in an affiliate program.

2. **"Affiliate Network"** means any person who provides another person with affiliates for an affiliate program or whom any person contracts with as an affiliate to promote any good or service.

3. **"Affiliate Program(s)"** means (a) any arrangement under which any marketer or seller of a good or service pays, offers to pay, or provides or offers to provide any form of consideration to any Defendant, either directly or through an affiliate network, to (i) provide the marketer or seller with, or refer to the marketer or seller, potential or actual customers; or (ii)

otherwise market, advertise, or offer for sale the product or service on behalf of the marketer or seller; or (b) any arrangement under which any Defendant pays, offers to pay, or provides or offers to provide any form of consideration to any third party, either directly or through an affiliate network, to (i) provide any Defendant with, or refer to any Defendant, potential or actual customers; or (ii) otherwise market, advertise, or offer for sale any good or service on behalf of any Defendant.

4. **"Corporate Defendant"** means Ecommerce Merchants, LLC, and its successors and assigns.

5. **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

6. **"Individual Defendants"** means Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski.

7. **"Person"** or **"persons"** includes a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

8. **"Plaintiff"** means the Federal Trade Commission ("FTC" or "Commission").

9. **"Unauthorized or Unsolicited Commercial Electronic Text Message"** means an unauthorized or unsolicited text message the primary purpose of which is a commercial advertisement or promotion of a commercial product or service (including the content on an Internet website operated for commercial purposes).

## I.

## BAN ON UNAUTHORIZED OR UNSOLICITED COMMERCIAL ELECTRONIC TEXT MESSAGES

**IT IS ORDERED** that Corporate Defendant Ecommerce Merchants, LLC, whether acting directly or indirectly, is permanently enjoined from making or initiating, or procuring the transmission of, or assisting others in making or initiating, or procuring the transmission of, unauthorized or unsolicited commercial electronic text messages to mobile telephones or other wireless devices.

## II.

## PROHIBITED BUSINESS PRACTICES

**IT IS FURTHER ORDERED** that Corporate Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, are permanently restrained and enjoined from:

  A.  Misrepresenting, or assisting others in misrepresenting, any material fact, expressly or by implication, including, but not limited to:

    1.  that a good or service is "free;"

    2.  that a good or service is without cost or obligation;

    3.  that consumers have won a contest or have been selected to receive a gift or prize;

    4.  that consumers' personal information is being collected to send consumers merchandise;

5. the purpose for which consumers are providing personal information;

6. that personal information submitted by consumers will not be sold or shared with third parties;

7. the extent to which the privacy and confidentiality of consumers' personal information is maintained and protected, including, but not limited to:

   a. the purposes for which that information is collected and disclosed; and

   b. the extent to which consumers' personal information is made or has been made accessible to third parties;

8. the total cost to purchase, receive, or use the good or service;

9. any material restrictions, limitations, or conditions to purchase, receive, or use the good or service;

10. any material aspect of the performance, efficacy, nature, or central characteristics of the good or service; and

11. any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service.

B. Failing to disclose, or assisting others in failing to disclose, clearly and prominently, the material terms and conditions of any offer, including, but not limited to:

1. in any text message, email, or online advertisement, and on any landing page associated with such text message, email, or online advertisement, that contains any direct or implied representation that a good or service is free or is a gift or prize, failing to disclose, in

the same color, font, and size, and within close proximity to such representation, that a purchase is required, or that purchases are required, to obtain such gift or prize, when such is the case; and

    2.    on any landing page associated with any direct or implied representation that a good or service is free or is a gift or prize, failing to disclose, in a clear and conspicuous manner:

    a.    a list of the monetary obligations a consumer is likely to incur to obtain the advertised gift or prize; and

    b.    a list of any non-monetary obligations a consumer is likely to incur to obtain the advertised gift or prize, such as having to apply and qualify for credit cards or an automobile loan.

    C.    Failing to, in connection with the advertising, promotion, marketing, offering for sale, sale, or provision of any goods or services through an affiliate network or program that Corporate Defendant owns, operates, or controls, in whole or in part, directly or indirectly:

    1.    Require each affiliate and/or affiliate network to provide the following identifying information:

    a.    In the case of a natural person, the affiliate's or affiliate network's first and last name, physical address, country, telephone number, email address, and complete bank account information as to where payments are to be made to that person;

    b.    In the case of a business entity, the affiliate's or affiliate network's name and any and all names under which it does business, state of incorporation, registered agent, and the first and last name, physical address, country, telephone number, and email address for at least one natural person who owns, manages, or controls the affiliate or affiliate

network, and the complete bank account information as to where payments are to be made to the affiliate or affiliate network;

        c.     If Corporate Defendant has access to certain affiliates only through an affiliate network, then Corporate Defendant shall contractually require each affiliate network to obtain and maintain from those affiliates the identifying information set forth in Subsection C.1.a and C.1.b of this Section prior to the affiliate's or affiliate network's participation in any Defendant's affiliate program.

    2.     As a condition of doing business with any affiliate or affiliate network or such affiliate or affiliate network's acceptance into any Defendant's affiliate program: (a) provide each such affiliate or affiliate network a copy of this Order; (b) obtain from each such affiliate or affiliate network a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order; and (c) clearly and conspicuously disclose in writing that engaging in acts or practices prohibited by this Order will result in immediate termination of any affiliate or affiliate network and forfeiture of all monies owed to such affiliate or affiliate network; *provided, however*, that if Corporate Defendant has access to certain affiliates only through an affiliate network, then Corporate Defendant shall contractually require that the affiliate network provide the information required by this Subsection to each of those affiliates and retain proof of the same prior to any such affiliate being used in any Defendant's affiliate program; and if Corporate Defendant should acquire an entity that has an existing program of selling through affiliates, the entity must complete all steps in this Subsection prior to Corporate Defendant's acquisition of the entity.

3. Require that each affiliate or affiliate network, prior to the public use or dissemination to consumers of any marketing materials, including, but not limited to, websites, emails, and pop-ups used by any affiliate or affiliate network to advertise, promote, market, offer for sale, or sell any goods or services, provide Corporate Defendant with the following information: (a) copies of marketing materials to be used by the affiliate or affiliate network, including text, graphics, video, audio, and photographs; (b) each location the affiliate or affiliate network maintains, or directly or indirectly controls, where the marketing materials will appear, including the URL of any website; and (c) for hyperlinks contained within the marketing materials, each location to which a consumer will be transferred by clicking on the hyperlink, including the URL of any website. Corporate Defendant shall also require each affiliate or affiliate network to maintain and provide to Corporate Defendant upon request records of the dates when the marketing materials are publically used or disseminated to consumers. *Provided, however,* that if Corporate Defendant has access to certain affiliates only through an affiliate network, then Corporate Defendant shall contractually require that the affiliate network obtain and maintain the same information set forth above from each of those affiliates who are part of any Defendant's affiliate program prior to the public use or dissemination to consumers of any such marketing materials, and provide proof to Corporate Defendant of having obtained the same.

4. Promptly review the marketing materials specified in Section II.C.3 above as necessary to ensure compliance with this Order. Corporate Defendant shall also promptly take steps as necessary to ensure that the marketing materials provided to Corporate Defendant under Section II.C.3 above are the marketing materials publically used or disseminated to

consumers by the affiliate or affiliate network. If Corporate Defendant determines that use of any marketing materials does not comply with this Order, Corporate Defendant shall inform the affiliate or affiliate network in writing that approval to use such marketing materials is denied and shall not pay any amounts to the affiliate or affiliate network for such marketing, including any payments for leads, "click-throughs," or sales resulting therefrom. *Provided, however,* that if Corporate Defendant has access to certain affiliates only through an affiliate network, then Corporate Defendant shall contractually require that the affiliate network comply with the procedures set forth in this Subsection as to those affiliates.

    5.  Promptly investigate any complaints that Corporate Defendant receives through any source to determine whether any affiliate or affiliate network is engaging in acts or practices prohibited by this Order, either directly or through any affiliate that is part of any Defendant's affiliate program.

    6.  Upon determining that any affiliate or affiliate network has engaged in, or is engaging in, acts or practices prohibited by this Order, either directly or through any affiliate that is part of any Defendant's affiliate program, immediately:

      a.  Disable any connection between the affiliate program and the marketing materials used by the affiliate or affiliate network to engage in such acts or practices prohibited by this Order;

      b.  Halt all payments to the affiliate or affiliate network resulting from such acts or practices prohibited by this Order; and

     c.  Terminate the affiliate or affiliate network; *provided, however,* Corporate Defendant shall not be in violation of this Subsection if Corporate Defendant fails to terminate an affiliate network in a case where Corporate Defendant's only access to an affiliate who has engaged in acts or practices prohibited by this Order is through an affiliate network and the affiliate network immediately terminates the affiliate violating this Order from any Defendant's affiliate program.

**III.**

**MONETARY JUDGMENT**

**IT IS FURTHER ORDERED** that:

  A.  Judgment in the amount of Three Hundred Fifty-Six Thousand Nine Hundred Thirty Dollars ($356,930) is entered in favor of the Commission against Corporate Defendant, jointly and severally, as equitable monetary relief.

  B.  Corporate Defendant is ordered to pay to the Commission Three Hundred Fifty-Six Thousand Nine Hundred Thirty Dollars ($356,930), less any amounts paid by any other Defendants. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

  C.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any

remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited into the U.S. Treasury as disgorgement. Corporate Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IV.

### PROHIBITIONS REGARDING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Corporate Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.    Disclosing, selling, renting, leasing, transferring, using, or benefitting from customer information, including the name, address, birth date, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing or advertising of a good or service offering free gifts or prizes; and

B.    Failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

V.

**ORDER ACKNOWLEDGMENTS**

**IT IS FURTHER ORDERED** that Corporate Defendant obtain acknowledgments of receipt of this Order:

A.  Corporate Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.  For 5 years after entry of this Order, Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.  From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

VII.

**COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Corporate Defendant make timely submissions to the Commission:

A.  One year after entry of this Order, Corporate Defendant must submit a compliance report, sworn under penalty of perjury. Corporate Defendant must:

1.	identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

2.	identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

3.	describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant;

4.	describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

5.	provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.	For 20 years after entry of this Order, each Corporate Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.	any designated point of contact; or

2.	the structure of Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

- 14 -

C.  Corporate Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Ecommerce Merchants, LLC*, FTC Matter No. X130035.

## VIII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Corporate Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records relating to affiliates or affiliate networks including all names, addresses, and telephone numbers; dollar amounts paid or received; and information used in calculating such payments;

D. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

F. Copies of all marketing materials, documents, and information received pursuant to Subsection II.C.3 of this Order; and all written approvals or denials of marketing materials made pursuant to Subsection II.C.4 of this Order; and

G. For any goods or services that such Defendant sells or assists others to sell, a copy of each advertisement or other marketing material regarding such goods or services.

## IX.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Corporate Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, Corporate Defendant must: submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

  B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Corporate Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

  C. The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

**X.**

**RETENTION OF JURISDICTION**

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,** this 12th day of November, 2013.

_____
Honorable Virginia M. Kendall
United States District Judge