*MA*

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | Case No. 13-cv-1534 |
| ) | |
| v. ) | Judge Virginia M. Kendall |
| ) | |
| ECOMMERCE MERCHANTS, LLC, *et al.*, ) | Magistrate Judge Young B. Kim |
| ) | |
| Defendants. ) | |

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF AS TO CRESTA PILLSBURY, JAN-PAUL DIAZ, JOSHUA BREWER, AND DANIEL STANITSKI

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") in this matter, pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Commission and Defendants Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski ("Stipulating Defendants") stipulate to entry of this Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief as to Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski ("Order") to resolve all matters in dispute in this action between them.

**NOW THEREFORE**, Plaintiff and Stipulating Defendants, having requested the Court to enter this Order, and the Court having considered the Order reached between the parties, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

- 1 -

## FINDINGS

1.      This Court has jurisdiction over this matter.

2.      The Complaint charges that Stipulating Defendants have participated in deceptive and unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in the course of transmitting or arranging for the transmission of unsolicited commercial electronic text messages offering to consumers purportedly free merchandise, such as $1,000 gift cards to large retailers.

3.      Stipulating Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Stipulating Defendants admit the facts necessary to establish jurisdiction.

4.      Stipulating Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney's fees.

5.      Stipulating Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Affiliate"** means any person, including third-party marketers, who participates in an affiliate program.

2.      **"Affiliate Network"** means any person who provides another person with affiliates for an affiliate program or whom any person contracts with as an affiliate to promote any good or service.

- 2 -

3.  **"Affiliate Program(s)"** means (a) any arrangement under which any marketer or seller of a good or service pays, offers to pay, or provides or offers to provide any form of consideration to any Defendant, either directly or through an affiliate network, to (i) provide the marketer or seller with, or refer to the marketer or seller, potential or actual customers; or (ii) otherwise market, advertise, or offer for sale the product or service on behalf of the marketer or seller; or (b) any arrangement under which any Defendant pays, offers to pay, or provides or offers to provide any form of consideration to any third party, either directly or through an affiliate network, to (i) provide any Defendant with, or refer to any Defendant, potential or actual customers; or (ii) otherwise market, advertise, or offer for sale any good or service on behalf of any Defendant.

4.  **"Corporate Defendant"** means Ecommerce Merchants, LLC, and its successors and assigns.

5.  **"Defendants"** means all of the Individual Defendants and the Corporate Defendant, individually, collectively, or in any combination.

6.  **"Individual Defendants"** means Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski.

7.  **"Person"** or **"persons"** includes a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

8.  **"Plaintiff"** means the Federal Trade Commission ("FTC" or "Commission").

9.  **"Stipulating Defendants"** means Cresta Pillsbury, Jan-Paul Diaz, Joshua Brewer, and Daniel Stanitski, individually, collectively, or in any combination.

10. **"Unauthorized or Unsolicited Commercial Electronic Text Message"** means an unauthorized or unsolicited text message the primary purpose of which is a commercial advertisement or promotion of a commercial product or service (including the content on an Internet website operated for commercial purposes).

## I.

### BAN ON UNAUTHORIZED OR
### UNSOLICITED COMMERCIAL ELECTRONIC TEXT MESSAGES

**IT IS ORDERED** that Stipulating Defendants, whether acting directly or indirectly, are permanently enjoined from making or initiating, or procuring the transmission of, or assisting others in making or initiating, or procuring the transmission of, unauthorized or unsolicited commercial electronic text messages to mobile telephones or other wireless devices.

## II.

### PROHIBITED BUSINESS PRACTICES

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any good or service, are permanently restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, any material fact, expressly or by implication, including, but not limited to:

1.     that a good or service is "free;"

2.     that a good or service is without cost or obligation;

3.     that consumers have won a contest or have been selected to receive a gift or prize;

4.     that consumers' personal information is being collected to send consumers merchandise;

5.     the purpose for which consumers are providing personal information;

6.     that personal information submitted by consumers will not be sold or shared with third parties;

7.     the extent to which the privacy and confidentiality of consumers' personal information is maintained and protected, including, but not limited to:

    a.     the purposes for which that information is collected and disclosed; and

    b.     the extent to which consumers' personal information is made or has been made accessible to third parties;

8.     the total cost to purchase, receive, or use the good or service;

9.     any material restrictions, limitations, or conditions to purchase, receive, or use the good or service;

10.    any material aspect of the performance, efficacy, nature, or central characteristics of the good or service; and

11.    any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the good or service.

B.     Failing to disclose, or assisting others in failing to disclose, clearly and prominently, the material terms and conditions of any offer, including, but not limited to:

- 5 -

1.      in any text message, email, or online advertisement, and on any landing page associated with such text message, email, or online advertisement, that contains any direct or implied representation that a good or service is free or is a gift or prize, failing to disclose, in the same color, font, and size, and within close proximity to such representation, that a purchase is required, or that purchases are required, to obtain such gift or prize, when such is the case; and

2.      on any landing page associated with any direct or implied representation that a good or service is free or is a gift or prize, failing to disclose, in a clear and conspicuous manner:

a.      a list of the monetary obligations a consumer is likely to incur to obtain the advertised gift or prize; and

b.      a list of any non-monetary obligations a consumer is likely to incur to obtain the advertised gift or prize, such as having to apply and qualify for credit cards or an automobile loan.

C.      Failing to, in connection with the advertising, promotion, marketing, offering for sale, sale, or provision of any goods or services through an affiliate network or program that a Stipulating Defendant owns, operates, or controls, in whole or in part, directly or indirectly:

1.      Require each affiliate and/or affiliate network to provide the following identifying information:

a.      In the case of a natural person, the affiliate's or affiliate network's first and last name, physical address, country, telephone number, email address, and complete bank account information as to where payments are to be made to that person;

- 6 -

b.    In the case of a business entity, the affiliate's or affiliate network's name and any and all names under which it does business, state of incorporation, registered agent, and the first and last name, physical address, country, telephone number, and email address for at least one natural person who owns, manages, or controls the affiliate or affiliate network, and the complete bank account information as to where payments are to be made to the affiliate or affiliate network;

c.    If Stipulating Defendants have access to certain affiliates only through an affiliate network, then Stipulating Defendants shall contractually require each affiliate network to obtain and maintain from those affiliates the identifying information set forth in Subsection C.1.a and C.1.b of this Section prior to the affiliate's or affiliate network's participation in any Defendant's affiliate program.

2.    As a condition of doing business with any affiliate or affiliate network or such affiliate or affiliate network's acceptance into any Defendant's affiliate program: (a) provide each such affiliate or affiliate network a copy of this Order; (b) obtain from each such affiliate or affiliate network a signed and dated statement acknowledging receipt of this Order and expressly agreeing to comply with this Order; and (c) clearly and conspicuously disclose in writing that engaging in acts or practices prohibited by this Order will result in immediate termination of any affiliate or affiliate network and forfeiture of all monies owed to such affiliate or affiliate network; *provided, however*, that if Stipulating Defendants have access to certain affiliates only through an affiliate network, then Stipulating Defendants shall contractually require that the affiliate network provide the information required by this Subsection to each of those affiliates and retain proof of the same prior to any such affiliate being used in any

- 7 -

Defendant's affiliate program; and if Stipulating Defendants should acquire an entity that has an existing program of selling through affiliates, the entity must complete all steps in this Subsection prior to Stipulating Defendants' acquisition of the entity.

3.     Require that each affiliate or affiliate network, prior to the public use or dissemination to consumers of any marketing materials, including, but not limited to, websites, emails, and pop-ups used by any affiliate or affiliate network to advertise, promote, market, offer for sale, or sell any goods or services, provide Stipulating Defendants with the following information: (a) copies of marketing materials to be used by the affiliate or affiliate network, including text, graphics, video, audio, and photographs; (b) each location the affiliate or affiliate network maintains, or directly or indirectly controls, where the marketing materials will appear, including the URL of any website; and (c) for hyperlinks contained within the marketing materials, each location to which a consumer will be transferred by clicking on the hyperlink, including the URL of any website. Stipulating Defendants shall also require each affiliate or affiliate network to maintain and provide to Stipulating Defendants upon request records of the dates when the marketing materials are publically used or disseminated to consumers. *Provided, however,* that if Stipulating Defendants have access to certain affiliates only through an affiliate network, then Stipulating Defendants shall contractually require that the affiliate network obtain and maintain the same information set forth above from each of those affiliates who are part of any Defendant's affiliate program prior to the public use or dissemination to consumers of any such marketing materials, and provide proof to Stipulating Defendants of having obtained the same.

4.      Promptly review the marketing materials specified in Section II.C.3 above as necessary to ensure compliance with this Order.  Stipulating Defendants shall also promptly take steps as necessary to ensure that the marketing materials provided to Stipulating Defendants under Section II.C.3 above are the marketing materials publically used or disseminated to consumers by the affiliate or affiliate network.  If Stipulating Defendants determine that use of any marketing materials does not comply with this Order, Stipulating Defendants shall inform the affiliate or affiliate network in writing that approval to use such marketing materials is denied and shall not pay any amounts to the affiliate or affiliate network for such marketing, including any payments for leads, "click-throughs," or sales resulting therefrom.  *Provided, however,* that if Stipulating Defendants have access to certain affiliates only through an affiliate network, then Stipulating Defendants shall contractually require that the affiliate network comply with the procedures set forth in this Subsection as to those affiliates.

5.      Promptly investigate any complaints that Stipulating Defendants receive through any source to determine whether any affiliate or affiliate network is engaging in acts or practices prohibited by this Order, either directly or through any affiliate that is part of any Defendant's affiliate program.

6.      Upon determining that any affiliate or affiliate network has engaged in, or is engaging in, acts or practices prohibited by this Order, either directly or through any affiliate that is part of any Defendant's affiliate program, immediately:

a.      Disable any connection between the affiliate program and the marketing materials used by the affiliate or affiliate network to engage in such acts or practices prohibited by this Order;

- 9 -

b.      Halt all payments to the affiliate or affiliate network resulting from such acts or practices prohibited by this Order; and

c.      Terminate the affiliate or affiliate network; *provided, however,* Stipulating Defendants shall not be in violation of this Subsection if Stipulating Defendants fail to terminate an affiliate network in a case where Stipulating Defendants' only access to an affiliate who has engaged in acts or practices prohibited by this Order is through an affiliate network and the affiliate network immediately terminates the affiliate violating this Order from any Defendant's affiliate program.

## III.

## MONETARY JUDGMENT AND SUSPENSION

**IT IS FURTHER ORDERED** that:

A.      Judgment in the amount of Three Hundred Fifty-six Thousand Nine Hundred Thirty Dollars ($356,930) is entered in favor of the Commission against Stipulating Defendants, jointly and severally, as equitable monetary relief.  This judgment is suspended subject to the Subsections below.

B.      The Commission's agreement to the suspension of the judgment as against each Stipulating Defendant is expressly premised upon the truthfulness, accuracy, and completeness of that Stipulating Defendant's sworn financial statement and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.      The Financial Statement of Individual Defendant Cresta Pillsbury signed on April 12, 2013, including the attachments;

- 10 -

2.      The Financial Statement of Individual Defendant Jan-Paul Diaz signed on April 12, 2013;

3.      The Financial Statement of Individual Defendant Joshua Brewer signed on May 20, 2013, including the attachments; and

4.      The Financial Statement of Individual Defendant Daniel Stanitski signed on April 17, 2013, including the attachments, as well as the Affidavit of Daniel Stanitski signed on April 19, 2013.

C.      The suspension of the judgment will be lifted as to any Stipulating Defendant if, upon motion by the Commission, the Court finds that such Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

D.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Stipulating Defendant in the amount specified in Subsection A above ($356,930), which the parties stipulate only for purposes of this Section represents the unjust enrichment alleged in the Complaint, less any payments previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

E.      Stipulating Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

F.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to

enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

G.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

H.    Stipulating Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers), which Stipulating Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

I.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited into the U.S. Treasury as disgorgement.  Stipulating Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

J.    The asset preservation orders applicable to Stipulating Defendants pursuant to Section III of the Preliminary Injunction as to Defendants Ecommerce Merchants, LLC, Cresta Pillsbury, Jan-Paul Diaz and Joshua Brewer, entered in this action on March 18, 2013, and

Section III of the Preliminary Injunction as to Defendant Daniel Stanitski, entered in this action

on April 4, 2013, shall be lifted upon entry of this Order.

## IV.

### PROHIBITIONS REGARDING CONSUMER INFORMATION

**IT IS FURTHER ORDERED** that Stipulating Defendants, Stipulating Defendants'

officers, agents, servants, employees, and attorneys, and all other persons in active concert or

participation with any of them, who receive actual notice of this Order, are permanently

restrained and enjoined from directly or indirectly:

A.     Disclosing, selling, renting, leasing, transferring, using, or benefitting from

customer information, including the name, address, birth date, telephone number, email address,

social security number, other identifying information, or any data that enables access to a

customer's account (including a credit card, bank account, or other financial account), that any

Defendant obtained prior to entry of this Order in connection with the marketing or advertising

of a good or service offering free gifts or prizes; and

B.     Failing to destroy such customer information in all forms in their possession,

custody, or control within thirty (30) days after entry of this Order.

*Provided, however*, that customer information need not be disposed of, and may be

disclosed, to the extent requested by a government agency or required by a law, regulation, or

court order.

## V.

## COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that Stipulating Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Stipulating Defendants must provide truthful and complete information, evidence and testimony. Stipulating Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VI.

## ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Stipulating Defendants obtain acknowledgments of receipt of this Order:

A.     Each Stipulating Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 5 years after entry of this Order, each Stipulating Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.

Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.

## COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Stipulating Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Stipulating Defendant must submit a compliance report, sworn under penalty of perjury. Each Stipulating Defendant must:

1. identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

2. identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest;

3. describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership;

4. identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant;

- 15 -

5.    identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

6.    describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Stipulating Defendants must describe if they know or should know due to their own involvement);

7.    describe in detail whether and how that Defendant is in compliance with each Section of this Order; and

8.    provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.    For 20 years after entry of this Order, each Stipulating Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.    name, including aliases or fictitious name, or residence address;

2.    title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity;

3.    any designated point of contact; or

4.    the structure of any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order,

including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Each Stipulating Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: *FTC v. Ecommerce Merchants, LLC*, FTC Matter No. X130035.

# VIII.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that Stipulating Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records relating to affiliates or affiliate networks including all names, addresses, and telephone numbers; dollar amounts paid or received; and information used in calculating such payments;

D.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

F.      Copies of all marketing materials, documents, and information received pursuant to Subsection II.C.3 of this Order; and all written approvals or denials of marketing materials made pursuant to Subsection II.C.4 of this Order; and

G.     For any goods or services that such Defendant sells or assists others to sell, a copy of each advertisement or other marketing material regarding such goods or services.

## IX.

## COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Stipulating Defendants's compliance with this Order, including the financial representations upon which the judgment was suspended:

A.     Within 14 days of receipt of a written request from a representative of the Commission, each Stipulating Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Stipulating Defendant.  Stipulating Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior

- 19 -

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,** this _18_ day of _November_, 2013.

_____
Honorable Virginia M. Kendall
United States District Judge

**SO STIPULATED AND AGREED:**

_____    Date: _11-4-13_
Guy G. Ward
Attorney for Plaintiff Federal Trade Commission

_____    Date: _August 27 2013_
Defendant Cresta Pillsbury

_____    Date:_____
Defendant Jan-Paul Diaz

_____    Date:_____
Defendant Joshua Brewer

_____    Date:_____
Defendant Daniel Stanitski

_____    Date:_____
David B.H. Williams
Attorney for Defendant Daniel Stanitski

- 20 -

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,** this _____ day of _____, 2013.

_____
Honorable Virginia M. Kendall
United States District Judge

**SO STIPULATED AND AGREED:**

_____   Date:_____
Guy G. Ward
Attorney for Plaintiff Federal Trade Commission

_____   Date:_____
Defendant Cresta Pillsbury

_____   Date: 9-3-2013
Defendant Jan-Paul Diaz

_____   Date:_____
Defendant Joshua Brewer

_____   Date:_____
Defendant Daniel Stanitski

_____   Date:_____
David B.H. Williams
Attorney for Defendant Daniel Stanitski

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,** this _____ day of _____, 2013.


_____
Honorable Virginia M. Kendall
United States District Judge

**SO STIPULATED AND AGREED:**


_____        Date:_____
Guy G. Ward
Attorney for Plaintiff Federal Trade Commission


_____        Date:_____
Defendant Cresta Pillsbury


_____        Date:_____
Defendant Jan-Paul Diaz


_____        Date: _8/27/13_____
Defendant Joshua Brewer


_____        Date:_____
Defendant Daniel Stanitski


_____        Date:_____
David B.H. Williams
Attorney for Defendant Daniel Stanitski

- 20 -

notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.

### RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED,** this ____ day of _____, 2013.

_____
Honorable Virginia M. Kendall
United States District Judge

**SO STIPULATED AND AGREED:**

_____     Date:_____
Guy G. Ward
Attorney for Plaintiff Federal Trade Commission

_____     Date:_____
Defendant Cresta Pillsbury

_____     Date:_____
Defendant Jan-Paul Diaz

_____     Date:_____
Defendant Joshua Brewer

_____     Date:_____**09/09/2013**_____
Defendant Daniel Stanitski

_____     Date:_____9/9/13_____
David B.H. Williams
Attorney for Defendant Daniel Stanitski

- 20 -